**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

IN RE:

PARAMJITINDER SINGH DHILLON
SURINDERJUT KAUR DHILLON,

      Debtor(s).

PARAMJITINDER SINGH DHILLON
SURINDERJIT KAUR DHILLON,

      Plaintiff(s),

      v.

JP MORGAN CHASE BANK,

      Defendant(s).

In Proceedings
Under Chapter 7


Case No. 10-41700




Adversary No. 11-4016

<u>OPINION</u>

      The debtors/plaintiffs filed this adversary proceeding under 11 U.S.C. § 506(d) against the defendant, JP Morgan Chase Bank, seeking to "strip off" the defendant's lien on their residence on the basis that a senior lien exceeds the fair market value of the property.[1]   The defendant failed to file an answer or other responsive pleading, and the plaintiffs moved for default judgment.  In an Order entered on April 6, 2011, the Court raised *sua sponte* the issue of whether § 506(d) allows a chapter 7 debtor to strip off a junior lien.   The plaintiffs then filed a brief in support of their argument that § 506(d) does permit such relief.

      The debtors filed a chapter 7 petition on November 6, 2010.   At the time of filing, the debtors owned a residence in Philadelphia, Pennsylvania valued at $480,000.00. Schedule D indicates that the residence was encumbered by a first mortgage in the amount of $530,244.55, and

---

[1]  The term "strip off" is used when a junior lien is totally unsecured, while the term "strip down" is used when a lien is partially unsecured and partially secured. *In re Talbert*, 344 F.3d 555, 556 n. 1 (6th Cir. 2003) (citation omitted).

by the defendant's lien – which arose pursuant to a home equity line of credit – in the amount of $166,218.99. The debtors argue that because there is no equity, or value, to which the defendant's lien may attach, its claim is wholly unsecured under § 506(a) of the Bankruptcy Code and its lien should be declared void under § 506(d).

Section 506(a) provides in relevant part:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest … is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property … and is an unsecured claim to the extent that the value of such creditor's interest … is less than the amount of such allowed claim.

11 U.S.C. § 506(a). Section 506(d), in turn, provides:

> To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless---
> (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of claim under section 501 of this title.

11 U.S.C. § 506(d).

In *Dewsnup v. Timm*, 502 U.S. 410 (1992), the United States Supreme Court held that §506(d) does not allow a chapter 7 debtor to *strip down* a mortgage lien to the value of the collateral. *Id*. at 417. The Court adopted the creditor's interpretation of §§ 506(a) and 506(d):

> [T]he words "allowed secured claim" in § 506(d) need not be read as an indivisible term of art defined by reference to § 506(a), which by its terms is not a definitional provision. Rather, the words should be read term-by-term to refer to any claim that is, first, allowed, and second, secured. Because there is no question that the claim at issue here has been "allowed" pursuant to § 502 of the Code and is secured by a lien with recourse to the underlying collateral, it does not come within the scope of § 506(d), which voids only liens corresponding to claims that have *not* been allowed and secured.

2

*Id*. at 415 (emphasis in original).  Because the claim in question had been fully *allowed* and was *secured* by a lien, the Court concluded that the debtor could not strip down the lien under § 506(d). *Id*. at 417.

The debtors argue that *Dewsnup* does not apply because *Dewsnup* involved a partially secured mortgage, or a strip down, while the lien in the instant case is completely unsecured.  Some courts have, in fact, distinguished *Dewsnup* on this basis.  *See In re Lavelle*, No. 09-72389-478, 2009 WL 4043089 (Bankr. E.D.N.Y. Nov. 19, 2009); *In re Howard*, 184 B.R. 644 (Bankr. E.D.N.Y. 1995).  In *Lavelle*, for example, the court held:

> [T]here is no equity whatsoever for the junior lien to attach for purposes of § 506(a) because a creditor's claim is secured "only to the extent of the value of such creditor's interest in such property."  With respect to a wholly unsecured lien, the creditor de facto only has an unsecured claim under § 506(a).  Accordingly, the wholly unsecured claims cannot qualify as "allowed secured claims" under § 506(d), and must be avoided.

*In re Lavelle* at *5 (citing *In re Zempel*, 244 B.R. 625, 629-30 (Bankr. W.D.Ky. 1999)).  The *Lavelle* decision, however, represents the minority view.  Moreover, the *Zempel* case, decided by the Bankruptcy Court in the Western District of Kentucky and cited by the court in *Lavelle*, was effectively overruled by the Sixth Circuit Court of Appeals in *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 782 (4th Cir. 2001) (§ 506 does *not* permit the stripping off of liens in chapter 7 proceedings).[2]

The majority of courts addressing this issue have found that the rationale in *Dewsnup* applies whether the debtor is seeking to strip down a partially unsecured lien or to strip off the entire lien.  *See In re Talbert*, 344 F.3d at 560; *Ryan*, 253 F.3d at 782; *In re Laskin*, 222 B.R. 872, 876 (B.A.P. 9th Cir. 1998); *In re Tritch*, No. 10-30097, 2011 WL 846062 (Bankr. S.D. Iowa Feb.

---

[2]  In addition, two subsequent decisions from the Eastern District of New York disagree with the *Lavelle* case.  *See In re Caliguri*, 431 B.R. 324, 327 (Bankr. E.D.N.Y. 2010); *In re Pomilio*, 425 B.R. 11, 18 (Bankr. E.D.N.Y. 2010).

11, 2011); *In re Immel*, 436 B.R. 538, 544-45 (Bankr. N.D. Ill. 2010); *In re Davenport*, 266 B.R.

787, 791 (Bankr. W.D. Ky. 2001); *In re Fitzmaurice*, 248 B.R. 356, 364 (Bankr. W.D. Mo. 2000).

This Court agrees with the majority view.

The analysis in *Dewsnup* did not turn on the amount of equity in the collateral.  Instead, the

Court's decision was based on its interpretation and construction of the language in §§ 506(a) and

(d) and on the "pre-Code rule" that liens pass through bankruptcy unaffected.  *Dewsnup* at 416-17.

The Court explained:

> We think, however, that the creditor's lien stays with the real property
> until the foreclosure.  That is what was bargained for by the mortgagor
> and mortgagee….Any increase over the judicially determined valuation
> during bankruptcy rightly accrues to the benefit of the creditor, not to
> the benefit of the debtor and not to the benefit of other unsecured creditors
> whose claims have been allowed and who had nothing to do with the
> mortgagor-mortgagee bargain.

*Id*.  The amount of equity in the collateral was simply not relevant to the Court's holding.  Thus,

"*Dewsnup's* rationale concerning chapter 7 debtors' attempts to strip down partially unsecured

mortgages applies equally to chapter 7 debtors' attempts to strip off the entire mortgage lien."  *In re

Immel*, 436 B.R. at 541.  *See also In re Talbert*, 344 F.3d at 560 (the analysis in *Dewsnup* does not

change depending on the available equity in the collateral to which the lien attaches); *Ryan*, 253

F.3d at 782 (the reasoning in *Dewsnup* is equally relevant and convincing in a case like ours where

a debtor attempts to strip off, rather than merely strip down, an approved but unsecured lien).

The Court also agrees with those decisions which have found that § 506 was intended to

facilitate the valuation and disposition of property in the reorganization chapters of the Code, not to

confer additional avoiding powers on chapter 7 debtors.  *In re Laskin*, 222 B.R. at 876; *In re

Davenport*, 266 B.R. at 791.  As explained by the Court in *Laskin*:

> In contrast to Chapter 13 debtors, who may use § 506 to determine
> the amount to be paid to a creditor as a secured claim … [debtor]

> seeks to use § 506(d) to expand the rights afforded Chapter 7 debtors
> by removing an encumbrance from his real property, which he intends
> to retain.  This result is not authorized by the Bankruptcy Code, and is
> clearly prohibited by *Dewsnup*.

*In re Laskin*, 222 B.R. at 876.

Thus, under the rationale set forth in *Dewsnup* and subsequent cases, the Court need only determine whether the defendant's claim in the instant case is "allowed" under § 502 and is "secured" by a valid lien.   The defendant did not file a proof of claim because the underlying chapter 7 is a no-asset case,[3] and as a rule, creditors are not required to file claims in no-asset cases. Therefore, the claims allowance process set forth in § 502 does not apply. *See In re Davenport*, 266 B.R. at 791 (in a no-asset chapter 7 case, the claims process is meaningless). Moreover, pursuant to § 506(d)(2), a claim which is not an allowed secured claim merely because an entity did not file a proof of claim is excepted from being void.[4]  Therefore, the failure of the defendant to file a proof of claim does not provide a basis for voiding its lien under § 506. *See In re Laskin*, 22 B.R. at 876 (*Dewsnup* teaches that unless and until there is a claims allowance process, there is no predicate for voiding a lien under 506(d)).  In any event, the debtors do not dispute that the defendant's claim is an *allowed* claim.   *See* debtors' "Brief in Support of Stripping off a Junior Lien" at p. 5 (the question is not whether the home equity line of credit is an allowed claim but whether the claim is an allowed secured claim).

In addition, the defendant's claim is secured by a lien "with recourse to the underlying collateral," *In re Dewsnup*, 502 U.S. at 415, and is therefore a *secured* claim.  Regardless of the

---

[3]  On February 15, 2011, Ramneesh Prabhaker, a creditor in this case, filed a motion to set aside the trustee's no-asset report.  The trustee and the debtors objected, and the matter was heard on March 2, 2011.  At that time, the Court continued generally the creditor's motion, and the objections, pending the 2004 examinations of the debtors.  On March 9, 2011, the Court directed counsel for the debtors to advise the Court of the date of the 2004 examinations.  There is nothing in the record indicating whether the 2004 examinations have been held.

[4]  Section 506(d)(2) provides that "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such claim is void, unless….such claim is not an allowed secured claim due only to the failure of any entity to file a proof of claim…."  11 U.S.C. § 502(d)(2).

current value of the collateral, "the claim is nonetheless 'secured in the ordinary sense, that is … [i]t is backed up by a security interest in property, whether or not the value of the property suffices to cover the claim.'" *Talbert*, 344 F.3d at 561 (citing *In re Cater*, 240 B.R. 420, 422 (M.D. Ala. 1999)).

Accordingly, because the defendant's claim is both "allowed" and "secured," the debtors cannot void the defendant's lien under § 506(d).  The motion for default judgment is therefore DENIED and the complaint is DISMISSED.

See Order entered this date.

ENTERED: May 27, 2011

/s/ Laura K. Grandy
_____
UNITED STATES BANKRUPTCY JUDGE
